IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS BARNES,** an individual, ) ) ) **Plaintiff,** ) ) v. ) ) **EAST ALABAMA MEDICAL** ) **CENTER FOUNDATION, d/b/a** ) **EAST ALABAMA MEDICAL** ) **CENTER,** ) a nonprofit corporation, ) ) ) **Defendant.** ) | **CIVIL ACTION NO.:** **DEMAND FOR JURY TRIAL** |

## COMPLAINT

**COMES NOW** the Plaintiff, Nicholas Barnes, ("Plaintiff") by and through his undersigned counsel, and hereby files this Complaint against East Alabama Medical Center Foundation d/b/a East Alabama Medical Center ("Defendant") seeking redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of Defendant. In support thereof, the Plaintiff states as follows:

1. Plaintiff has been discriminated against by Defendant on account of Plaintiff's gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq,.

1

2. Plaintiff was retaliated against by Defendant for asserting federally protected rights.

3. Any other cause(s) of action that can be inferred from the facts set forth herein.

## PARTIES

4. Plaintiff Nicholas Barnes ("Plaintiff") is an individual over the age of nineteen (19) years and is a resident citizen of Chambers County, Alabama.

5. At all times relevant to this action, Plaintiff was an "employee" of East Alabama Medical Center ("Defendant") under Title VII.

6. Defendant is a domestic nonprofit corporation formed and existing under the laws of Alabama and doing business in the Middle District of Alabama.

7. At all relevant times, Defendant was an "employer" under Title VII.

8. Defendant employs over fifteen employees and is subject to Title VII.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4) as this case involves a federal question.

10. The unlawful employment actions alleged herein took place in the Eastern Division of the Middle District of Alabama.

11. Venue in this Court is proper pursuant to 28 U.S.C § 1391(b)(2) and the Local Rules of the United Staes District for the Middle District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

12. Plaintiff has complied with the jurisdictional requirements of Title VII that on or about the 6th day of May 2024, Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission ("EEOC") in accordance with Section 705 of Title VII.

13. A Notification of Right to Sue letter was received by Plaintiff from the EEOC on May 15, 2024, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the Notice of Right to Sue is attached as Exhibit 1 and incorporated herein by reference.

## GENERAL FACTS

14. Defendant is doing business in Opelika, Alabama.

15. On or about December 18, 2018, Plaintiff began working for Defendant at East Alabama Medical Center located in Opelika, AL as a warehouse worker and was later promoted to contract coordinator.

16. At all relevant times, Defendant employed Plaintiff.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment – Sexual Harassment)

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 above, as if fully set out herein.

18. The Plaintiff is a male, a member of a protected class and has suffered discrimination based on his gender.

19. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. as Defendant has engaged in the practice of a hostile work environment against Plaintiff.

20. While Plaintiff was employed as a contract coordinator for Defendant, Ursula Means ("Means") began working as Plaintiff's manager after the departure of Plaintiff's previous manager.

21. On or about June 2022, Means advised Plaintiff he must begin wearing scrub pants rather than the formal clothing he had worn under his previous manager.

22. During this interaction in June 2022, Means looked Plaintiff up and down, stared at his genital area, smiled at Plaintiff, and began rubbing Plaintiff's shoulders.

23. Plaintiff rebuffed the advances and thereafter attempted to avoid further interaction with Means.

23. The work environment became sexually hostile for Plaintiff after rebuffing Means' advances.

24. On or about August 2022, Means commented to another employee that Plaintiff would "run and hide" and not "protect anyone" if there was ever a shooting.

25. Means made the additional comment that she thinks she could "whoop" Plaintiff.

26. On or about June 2023, Plaintiff was informed that Means believed Plaintiff was "useless" and would be moved out of his office.

27. Means advised co-workers that she intended to make Plaintiff quit.

28. Later that same day, Means stated Plaintiff should not be around women because they "like" him.

29.  Means stated that Plaintiff needed to be moved to a utility closet.

30. Plaintiff requested that he not to be moved to a utility closet because it was too small and unclean.

31. On or about July 2023, Means moved Plaintiff to an equipment room and stated, "men should not be working on the same floor as women."

32. Plaintiff reported Means conduct and the unequal treatment to Defendant's Director, Nancy Ling ("Ling"), but no action was taken to address the complaint.

33. On or about January 2024, Plaintiff discovered that nineteen of his time clock punches were missing.

34. Twenty missed time clock punches are cause for termination.

35. Plaintiff learned from payroll that Means, as manager, had not been approving Plaintiff's time punches.

36. Payroll then instructed Means to approve the missed punches.

37. Later that same day in January 2024, Means called Plaintiff to her office and asked Plaintiff if he "snitched" on her.

38. Plaintiff denied "snitching" and informed Means he only inquired with payroll concerning why he had missed time punches.

39. Means threatened Plaintiff by advising him that if he had gotten her in trouble, she would have her son and nephew come to the place of employment and "mess" him up in the parking lot.

40. Plaintiff reported this statement to Ling on or about February 2024.

41. Ling advised she would "look into it," but again no action was taken to address the situation.

42. After all of the hostile and sexually charged incidents with Means and, after numerous reports to the Defendant with no action, Plaintiff presented his resignation on or about February 2024.

43. On or about February 26, 2024, Means stated to a co-worker that she was going to try "one last time," and Means asked Plaintiff if she could take him home and asked whether he wanted Means to take him to dinner.

44. After this interaction with Means, Plaintiff reported Means advances to the Director of Human Resources, Kelli Truitt, and was advised she was going to investigate the matter.

45. After Plaintiff's report to Human Resources, Ling declined Plaintiff's already submitted resignation and terminated him on or about February 29, 2024, because Plaintiff "reported to Human Resources."

46. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

47. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant Plaintiff's reasonable attorney's fees and costs the Court deems necessary and proper.

F. Grant such further relief as the Court deems necessary and proper.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)

### (Retaliation)

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-47, as if fully set out herein.

49. Plaintiff was subjected to a hostile work environment based on sex by Defendant.

50. As a result of the sexually charged hostile work environment, Plaintiff was subjected to severe mental and physical abuse because of his gender.

51. Even though Plaintiff had submitted a resignation, assurances of further investigation by Human Resources led to the understanding that Defendant would take action to address and remedy the complaints.

52. Instead of action being taken by Human Resources to investigate the sexual advances and hostile environment complained of by the Plaintiff, Defendant terminated Plaintiff's employment after his resignation as a result of his complaint to Human Resources.

53. Defendant intentionally discriminated against Plaintiff by retaliating against him for reporting and opposing sexual harassment.

54. Defendant's retaliatory action against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and

were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

55. Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant Plaintiff's reasonable attorney's fees and costs the Court deems necessary and proper.

F. Grant such further relief as the Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Jeremy Schatz
Jeremy Schatz
ASB-2400-H34Y
Attorney for Plaintiff

/s/Allan Armstrong
Allan Armstrong
ASB-4400-R77A
Attorney for Plaintiff

OF COUNSEL:
Virtus Law Group
2017 Morris Ave, Ste 100
Birmingham, AL 35203
js@vlgal.com
aa@vlgal.com
205-946-1924

**CLERK, PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS**:

East Alabama Medical Center Foundation
d/b/a East Alabama Medical Center
c/o Laura D. Grill
200 Pepperell Parkway
Opelika, Alabama 36801