IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  3:24-cv-00512 |
| ) | |
| EAST ALABAMA MEDICAL ) | |
| CENTER FOUNDATION, D/B/A, ) | |
| EAST ALABAMA MEDICAL ) | |
| CENTER ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT EAST ALABAMA MEDICAL CENTER'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant East Alabama Medical Center ("Defendant") (incorrectly named in the Complaint as East Alabama Medical Center Foundation, answers Plaintiff Nicholas Barnes' ("Plaintiff") Complaint (Doc. 1) as follows, and asserts the following affirmative defenses. Except as specifically admitted herein, Defendant denies all material allegations of Plaintiff's Complaint.

1. Denied.

2. Denied.

3. The incomplete sentence constituting this paragraph does not contain any factual allegations against Defendant. Therefore, no response is required from Defendant. To the extent a response is required from Defendant, Defendant denies

that "any other cause(s) of action . . . can be inferred from the facts" alleged in the Complaint. To the extent Plaintiff seeks to bring causes of action against Defendant, he is required to clearly state them in his Complaint.

## PARTIES

4. Except to admit, upon information and belief, that Plaintiff is over the age of nineteen (19) years, Defendant is without sufficient information or knowledge to respond to the remaining allegations in this paragraph and therefore denies the same.

5. This paragraph calls for a legal conclusion from Defendant and contains no factual allegations directed toward Defendant. Therefore, no response is required from Defendant. To the extent a response is required from Defendant, admitted.

6. Admitted.

7. This paragraph calls for a legal conclusion from Defendant and contains no factual allegations directed toward Defendant. Therefore, no response is required from Defendant. To the extent a response is required from Defendant, admitted.

8. Admitted.

## JURISDICTION AND VENUE

9. Defendant admits that this Court has subject-matter jurisdiction over the claims at issue in this case but denies that it violated any of the referenced statutes

or otherwise acted unlawfully and denies that Plaintiff is entitled to any relief whatsoever.

10. Defendant denies any "unlawful employment actions" as alleged in Plaintiff's Complaint took place. Therefore, denied.

11. Defendant admits that venue is proper in this district. Except as expressly admitted herein, denied.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

12. Except to admit that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, Defendant is without sufficient information or knowledge to respond to the allegations in this paragraph and therefore denies the same.

13. Defendant is without sufficient information or knowledge to respond to the allegations in this paragraph and therefore denies the same.

## GENERAL FACTS

14. Admitted.

15. Denied.

16. Defendant does not know what Plaintiff means by "[a]t all relevant times" and therefore denies the allegations in this paragraph, except to admit that Defendant did employ Plaintiff. Except as expressly admitted herein, denied.

## COUNT I

### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.)

17. Defendant repeats and incorporates by reference its response to paragraphs 1-16 above, as if restated herein.

18. Except to admit Plaintiff is a male, denied.

19. Denied.

20. Admitted.

21. Denied.

22. Denied.

23. Denied as stated. Specifically, Defendant denies Means ever made "advances" toward Plaintiff.

23. Denied.[1]

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

---

[1] Plaintiff's Complaint contains two paragraphs numbered as 23. For ease of reference, Defendant's paragraph number corresponds with the numbered paragraphs contained in Plaintiff's Complaint.

30. Denied.

31. Denied.

32. Denied.

33. This paragraph contains no factual allegations directed toward Defendant, and is therefore denied as stated.

34. Defendant admits that missing time clock punches on twenty separate occasions is grounds for disciplinary action, up to and including termination of employment.

35. Denied.

36. Denied as stated.

37. Denied.

38. Denied as stated.

39. Denied.

40. Denied.

41. Denied.

42. Except to admit that Plaintiff voluntarily resigned his employment with Defendant, denied.

43. Denied.

44. Except to admit that Plaintiff raised concerns for the first time after he voluntarily resigned his employment with Defendant, denied.

45. Denied.

46. Denied.

47. Denied.

With respect to the unnumbered paragraph beginning with the word "WHEREFORE," Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs A–F or any relief whatsoever as a result of this lawsuit.

## COUNT II

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)**

48. Defendant repeats and incorporates by reference its response to paragraphs 1-47 above, as if restated herein.

49. Denied.

50. Denied.

51. Except to admit that Plaintiff voluntarily resigned his employment with Defendant, denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

With respect to the unnumbered paragraph beginning with the word "WHEREFORE," Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs A–F or any relief whatsoever as a result of this lawsuit.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

To the extent not expressly admitted in this Answer, Defendant denies the allegations of Plaintiff's Complaint and demands strict proof thereof. Defendant further responds to Plaintiff's Complaint with the following additional affirmative defenses:

1. Plaintiff's Complaint is an impermissible shotgun pleading.

2. Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted.

3. There are no issues of material fact and Defendant is entitled to judgment as a matter of law.

4. Defendant is not guilty of any intentional or culpable action and is not liable to Plaintiff under any theory of law.

5. Plaintiff suffered no adverse employment action.

6. To the extent that any alleged unlawful acts occurred more than 180 days prior to Plaintiff's filing of an administrative charge of discrimination, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or are otherwise untimely.

7. Plaintiff's claims are barred, in whole or in part, by the employment "at-will" doctrine.

8. Defendant denies that any unlawful or tortious acts were committed against Plaintiff.

9. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant had anti-harassment and anti-discrimination policies in effect and Plaintiff failed to avail himself of those policies and failed to bring his alleged complaints to the attention of Defendant.

10. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawfully harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities and/or to avoid harm otherwise.

11. Any actions taken by Defendant toward Plaintiff were for legitimate, nondiscriminatory reasons in good faith without regard to his sex or any protected characteristic or activity.

12. Any alleged misconduct by any employee of Defendant that affected Plaintiff was done: without the authority, knowledge, approval or ratification of Defendant; in conflict with and in violation of Defendant's policies; solely for personal purposes not related to work for Defendant; and outside the course and scope of employment.

13. Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine, estoppel, waiver, laches, and/or unclean hands.

14. Plaintiff did not engage in any protected activity prior to his voluntary resignation. Even if Plaintiff did engage in protected activity, there was no causal connection between any such protected activity and any adverse employment action because Plaintiff voluntarily resigned his employment with Defendant.

15. Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that, through use of diligent efforts, Plaintiff could have mitigated his alleged loss of earnings and other damages, if any, and upon information and belief, he failed to do so.

16. The Complaint fails to state facts sufficient to support an award of either attorneys' fees or costs against Defendant.

17. To the extent that the Complaint seeks punitive damages, Plaintiff is not entitled to such since Defendants acted at all times towards Plaintiff in good faith, without malice, evil intent or reckless disregard for his rights, and made good faith efforts to comply with the law.

18. To the extent Plaintiff demands punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding

the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 S. Ct. 1589 (1996) and its progeny.

19. At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this answer based on discovery of additional information or affirmative defenses at a later date up to and including the time of trial.

20. Defendant reserves the right to assert additional affirmative defenses insofar as Plaintiff's claims are clarified in the course of this proceeding or additional evidence is discovered.

Respectfully submitted,

*/s/ Brock Phillips*
Warren B. Lightfoot, Jr.
W. Brock Phillips
Maynard Nexsen, P.C.
1901 Sixth Avenue North
1700 Regions/Harbert Plaza
Birmingham, AL 35203
Phone: (205) 254-1000
Fax: (205) 254-1999
Email:  wlightfoot@maynardnexsen.com
          bphillips@maynardnexsen.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice to the following:

Jeremy Schatz
Allen Armstrong
Virtus Law Group
2017 Morris Ave., Suite 100
Birmingham, AL 35203
(205) 946-1924
js@vlgal.com
aa@vlgal.com


                                              */s/ Brock Phillips*
                                              OF COUNSEL